IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW MORRISON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE NEMOURS FOUNDATION, a )<br>Florida Corporation, )<br>)<br>Defendant. )<br>_____ ) | C.A. No. 22-1576-MN |

ORDER GOVERNING MEDIATION
CONFERENCE AND MEDIATION STATEMENTS

At Wilmington, this 30th day of November, 2023, it is hereby ORDERED that:

1. A mediation conference is scheduled for **Tuesday, December 19, 2023**, beginning at 10:00 a.m. All participants (see ¶ 2) are to report at this time to Courtroom 6D and to remain at the mediation conference until excused by the Court.

2. Each party must be represented at the mediation conference by the following required participants: (a) trial counsel; (b) counsel who is/are familiar with the case; (c) Delaware counsel, if different than counsel listed in (a) and (b); and (d) the party/parties and/or decision maker(s) of the parties, who must have full authority to act on behalf of the parties, including the authority to negotiate a resolution of the matter and to respond to developments during the mediation process.

3. No later than the date on which mediation statements are due (see ¶ 4), counsel shall email Keith_Kincaid@ded.uscourts.gov the following information for each attorney who will be attending the mediation conference: (i) a direct dial work number; (ii) a cell phone number; and (iii) an email address where the attorney can be reached regularly. Unrepresented

FILED

NOV 30 2023

U.S. DISTRICT COURT DISTRICT OF DELAWARE

parties shall provide at least one of these three forms of contact information. In addition, no later than the date on which mediation statements are due, counsel shall submit a list of all participants, including attorney and non-attorney representatives, who will be attending the mediation on behalf of their party, to the opposing party or parties.

4. On or before **December 5, 2023**, two copies of the confidential mediation statement containing all of the information required by ¶ 6 shall be submitted to Magistrate Judge Hatcher, as follows: 1) email a .pdf copy of the mediation statement and any exhibits to Keith_Kincaid@ded.uscourts.gov; and 2) hand delivery a paper copy, bound and tabbed, to chambers. The mediation statements shall not be filed on the docket or with the Clerk's office. The statements shall not be exchanged among the parties or counsel, unless the parties so desire, shall not be provided to the trial judge, and shall not become part of the record in this matter.

5. The mediation statements may be in memorandum or letter form. They must be in 12-point font and double-spaced, and they must be no longer than fifteen pages.

6. The mediation statements must contain each of the following headings, and must contain a discussion of each of the topics below:

a. **The Parties:** provide a description of who the parties are, their relationship to each other, and by whom each party is represented, including the identity of all individuals who will be participating on behalf of a party during the mediation conference.

b. **Factual Background:** provide a brief factual background, clearly indicating which facts are not in dispute and which material facts remain in dispute.

c. **Summary of the Applicable Law:** provide a brief summary of the law, including any applicable statutes and cases. It is helpful to the Court, particularly in complex litigation in which many legal issues are pending and unresolved, if counsel for all sides can

communicate with each other in advance of submitting the mediation statement to attempt to ensure that all the parties will address the same key legal issues in their respective mediation statements.

 d. **Honest Discussion of Strengths and Weaknesses:** provide an honest discussion of the strengths and weaknesses of the party's claims and defenses.  To be helpful, this discussion must acknowledge weaknesses, not just strengths.

 e. **Settlement Efforts:** provide a brief description of any prior settlement negotiations and discussions, including the most recent offers or demands exchanged between the parties and the reasons for rejection, *and* the party's assessment as to *why* settlement has not yet been reached.

 f. **Settlement Proposal:** describe the party's proposed framework for a resolution (*i.e.*, describe the material components of a settlement and provide a proposal as to what the content of each of those components should be).  Identify any interests or issues not directly involved in this matter that may frustrate or further settlement.  If the party has any suggestions as to how the undersigned judge may be helpful in reaching a resolution, such suggestions should also be described.

 g. **Fees and Costs:** list separately each of the following (i) attorneys' fees and costs incurred to date; (ii) other fees and costs incurred to date; (iii) a good faith estimate of additional attorneys' fees and costs to be incurred if this matter is not settled; and (iv) a good faith estimate of additional other fees and costs to be incurred if this matter is not settled.

 In addition to the required topics above, and provided that the mediation statement complies with the page limit, counsel are encouraged to address any other matter they believe may be of assistance to the Court.

7. Crucial or pertinent documents that you think the Judge should consider may be submitted as exhibits to the mediation statement. Counsel are requested to limit such exhibits to those that are most directly relevant to the mediation. Counsel are further requested to use pin cites and to highlight the parts on which you want to the Court to focus.

8. The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation or any other litigation (whether presenting pending or filed in the future), and shall not be construed as or constitute an admission. Breach of this provision shall subject the violator to sanctions.

9. Before, during, and after the scheduled mediation conference, the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties.

10. The required participants shall be available and accessible throughout the mediation process. The Court expects the parties' full and good faith cooperation with the mediation process. In particular, the Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all participants to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

11. All counsel are reminded of their obligation to reach and comply with this Order. Delaware counsel are reminded of their obligation to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

Laura D. Hatcher
United States Magistrate Judge