IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No.: 22-1576-JLH |
| ) | |
| THE NEMOURS FOUNDATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Pending before the Court are Defendant's Motion for Summary Judgment (D.I. 65), Plaintiff's Motion for Leave to File a Sur Reply in Opposition to Defendant's Motion for Summary Judgment (D.I. 84), Plaintiff's Motion for Summary Judgment (D.I. 69), and Plaintiff's Motion for Leave to Amend the Complaint (D.I. 73).

1. Defendant is one of the largest pediatric health systems in the country. Many of Defendant's patients are immunocompromised, including children who have received bone marrow transplants and children who are being treated for cancer. The COVID-19 pandemic broke out in March 2020. On August 6, 2021, Defendant announced a policy requiring its employees to be vaccinated against COVID-19 no later than October 6, 2021 (the "Policy"). The Policy provided that employees could either receive two doses of the Pfizer or Moderna vaccine, or one dose of the Johnson & Johnson vaccine. When Defendant announced the Policy, large segments of Defendant's patient population were not eligible to receive any vaccine, as no vaccine had yet been approved for children under age 12. Notwithstanding, the Policy included a process through which employees could request either a medical exemption or an exemption based on religion. Applicants for a religious exemption were not asked to identify their religious affiliation, but they

were asked to describe in their own words the specific religious belief that guided their objection to the vaccine.

2.  When the Policy was announced, Plaintiff worked for Defendant as a Registered Nurse in the Emergency Department at Nemours Children's Hospital. In that position, Plaintiff had frequent, direct contact with young patients. Approximately 268 of Defendant's employees applied for a religious exemption, including Plaintiff. Defendant created a COVID-19 Religious Exemption Committee to review each request on a case-by-case basis and make a determination as to whether it would be granted. Defendant denied Plaintiff's request. On September 10, 2021, Plaintiff tendered his resignation, effective October 6, 2021.

3.  On December 7, 2022, Plaintiff filed this action, alleging that Defendant violated Title VII of the Civil Rights Act. Plaintiff's Complaint pleads two theories of religious discrimination based on disparate treatment. Count I alleges that Defendant treated individuals requesting a medical exemption more favorably than individuals requesting a religious exemption because it "Allow[ed] Medical Exemptions, but Not Religious Exemptions." (D.I. 1 at 10; *see also* D.I. 73 ¶ 4.) Count II alleges that Defendant treated Catholics more favorably than Plaintiff, who was a member of the Assemblies of God. (D.I. 1 at 15; *see also* D.I. 73 ¶ 4.)

4.  On March 10, 2023, the parties submitted a joint proposed scheduling order, which the Court entered on March 13, 2023. (D.I. 11.) The scheduling order required that any motion to amend the pleadings must be filed on or before June 1, 2023. The scheduling order set an October 2, 2023 deadline for fact discovery and a January 12, 2024 deadline for expert discovery. On October 2, 2023, the parties jointly asked to extend the deadlines for fact and expert discovery to November 29, 2023, and January 19, 2024, respectively, which the Court granted. (D.I. 24.) On November 20, 2023, the parties jointly asked to extend the deadlines for fact and expert discovery

to January 19, 2024, and February 9, 2024, respectively, which the Court granted. (D.I. 32.) On January 23, 2024, the case was reassigned to me. The parties proposed entering a revised scheduling order, which extended the deadlines for fact and expert discovery to February 9, 2024, and May 10, 2024, which the Court granted. (D.I. 44.) The court-ordered June 1, 2023 deadline to amend the pleadings was not changed by the revised scheduling order. The revised scheduling order was subsequently amended at the requests of the parties on May 17, June 26, July 12, August 5, and August 27, 2024, to extend the deadline to file case-dispositive motions (D.I. 53, 56, 58, 60, 62); discovery was completed at the time that each stipulation to amend was filed, and neither party sought to extend the deadline to amend the pleadings.

5. On October 2, 2024, Defendant moved for summary judgment on Counts I and II on the basis that (1) there was no evidence that Defendant treated people with disabilities preferentially (Count I), and (2) there was no evidence that Defendant treated Catholics preferentially (Count II). In Plaintiff's November 1, 2024 answering brief in opposition to Defendant's motion for summary judgment (D.I. 74), Plaintiff did not provide any argument or point to any evidence to support his claims that he was subjected to disparate treatment based on his religious beliefs.[1] Accordingly, Defendant's motion for summary judgment (D.I. 65) will be granted.

6. On November 22, 2024, Plaintiff filed a motion styled, "Plaintiff's Motion for Leave to File a Sur Reply in Opposition to Defendant's Motion for Summary Judgment." (D.I.

---

[1] Discovery revealed that Defendant granted 16 of the 75 (21%) medical exemption requests it received. Defendant granted 131 of the 268 (49%) religious exemption requests it received. Of the Catholic applicants' requests, 10 (30% of the Catholic applicants) were approved, and 24 (70% of the Catholic applicants) were denied. Of the Non-Catholic Christian applicants' requests, 96 (57% of the Non-Catholic Christian applicants) were approved, and 70 (43% of the Non-Catholic Christian applicants) were denied.

3

84.) Plaintiff has not submitted his proposed sur-reply to the Court, but he apparently seeks to argue (i) that the 64 pages of articles (including over 50 pages from Wikipedia) that Plaintiff submitted with his answering brief in opposition to Defendant's motion for summary judgment—none of which were produced during the discovery period—are not hearsay and (ii) that the Court should take "judicial notice" of them. Because none of those articles are relevant to Plaintiff's claims that he was subjected to disparate treatment, his arguments about the appropriateness of the Court's consideration of those articles are not material to the Court's resolution of Defendant's motion for summary judgment. Accordingly, Plaintiff's motion for leave to file a sur-reply brief (D.I. 84) will be denied.

7. On October 2, 2024, Plaintiff filed a motion for summary judgment, which argued, among other things, that Defendant failed to accommodate his religious beliefs. (D.I. 69, 70.) When Defendant responded that Plaintiff had never pleaded such a claim/theory (D.I. 76; *see also* D.I. 66), Plaintiff filed a motion on October 31, 2024, for leave to amend his Complaint (D.I. 73). Plaintiff acknowledges that his Complaint fails to allege a failure to accommodate claim/theory, but he contends that "[t]he discovery revealed" its existence. (D.I. 73 ¶ 6.)

8. Where, as here, a request for leave to amend is made after the deadline set by a scheduling order, Rule 16(b)(4) requires a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); *Int'l Constr. Prods. LLC v. Caterpillar Inc.,* No. 15-108-RGA, 2024 WL 406433, at *1 (D. Del. Feb. 2, 2024). Plaintiff's opening brief in support of his motion to amend doesn't mention the good cause standard, much less demonstrate good cause; accordingly, Plaintiff's argument under Rule 16(b)(4) is forfeited. *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("In its motion, [Plaintiff] relied solely on Rule 15(a); it did not address Rule 16(b)(4) except

4

in reply to [Defendant]. So the District Court was entitled to find [Plaintiff] forfeited its argument under Rule 16(b)(4).").

9. Even if the argument weren't forfeited, the record before the Court fails to establish good cause to amend 518 days after the court-ordered deadline. Even if the Court were to accept the (dubious) proposition that the factual basis for his failure to accommodate claim was only "revealed" during discovery (D.I. 73 ¶ 6; D.I. 83 ¶¶ 2, 6), Plaintiff still does not demonstrate good cause for failing to move to amend until 5 months after discovery was completed and the day before answering briefs on the parties' cross-motions for summary judgment were due. Plaintiff's request for leave to amend (D.I. 73) is therefore denied. Summary judgment in favor of Defendant is appropriate for the reasons stated above; accordingly, Plaintiff's motion for summary judgment (D.I. 69) is also denied.[2]

10. In sum, Defendant's Motion for Summary Judgment (D.I. 65) is GRANTED, Plaintiff's Motion for Leave to File a Sur Reply in Opposition to Defendant's Motion for Summary

---

[2] Even if the Court were to assess Plaintiff's proposed failure to accommodate claim, its merits are far from clear. In response to Plaintiff's request for a religious exemption from the Policy, which appeared to be based on Plaintiff's asserted religious belief that he should not take a vaccine that was developed and/or manufactured using fetal cell lines, it is undisputed that Defendant granted Plaintiff's request for an exemption with respect to the Johnson & Johnson COVID-19 vaccine. Defendant denied Plaintiff an exemption from the Moderna and Pfizer vaccines after Defendant investigated and determined that those companies had conducted certain pre-clinical experiments that utilized embryonic cells—similar to experiments performed on almost all over the counter and many prescription medications—but that embryonic cells were not used in the manufacture of the vaccines. To the extent Plaintiff now asserts that he objects to taking anything that has ever been tested on stem cells and/or manufactured by any company that utilizes stem cells in any experiments, "the record belies the suggestion that his beliefs are quite so sweeping and systematic." *Rodrique v. Hearst Commc'ns, Inc.*, No. 22-12152, 2024 WL 733325, at *2 (D. Mass. Feb. 22, 2024). Plaintiff admitted that he takes medications that undisputedly have been tested on fetal stem cells, and he admitted that he does not know who manufactures many of the medications he takes. Courts confronting similar factual scenarios have concluded that no reasonable juror could find that the plaintiff's opposition to the vaccine was the product of a religious belief. *See, e.g., Kennedy v. PEI-Genesis*, 719 F. Supp. 3d 412, 418 (E.D. Pa. 2024); *Rodrique*, 2024 WL 733325, at *2.

Judgment (D.I. 84) is DENIED, Plaintiff's Motion for Summary Judgment (D.I. 69) is DENIED, and Plaintiff's Motion for Leave to Amend the Complaint (D.I. 73) is DENIED.

Dated: January 16, 2025

_____
The Honorable Jennifer L. Hall
United States District Judge